OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



March 8, 1999

The Honorable Elton Bomer
Secretary of State
Office of the Secretary of State
Executive Division
P.O. Box 12697
Austin, Texas 78711-2697

Opinion No. JC-0015

Re: Whether, under Business Corporation Act article 5.17, a for-profit domestic business corporation may convert to a Texas nonprofit corporation organized under Texas Revised Civil Statutes articles 1396-1.01 through -11.01, and related questions (RQ-1159)

Dear Mr. Secretary:

Your predecessor in office asked whether a for-profit business corporation, domestic or foreign, may convert under article 5.17 of the Business Corporation Act to a Texas nonprofit corporation organized under Texas Revised Civil Statutes articles 1396-1.01 through -11.01. He also asked whether a for-profit domestic business corporation may convert under Business Corporation Act article 5.17 to a Texas nonprofit water-supply corporation. In the event we answer either of these two questions negatively, he asked whether the Secretary of State should accept for filing articles of conversion that purport to convert a for-profit domestic corporation to a nonprofit corporation, including a water-supply corporation. We conclude a for-profit domestic corporation may convert to a nonprofit corporation, incorporated in accordance with Texas Revised Civil Statutes articles 1396-1.01 through -11.01. Likewise, we conclude that a for-profit domestic corporation may convert to a nonprofit water-supply corporation, incorporated in accordance with Water Code chapter 67. Given our conclusions, we do not reach the third question.

Your predecessor's questions concern corporate conversion, a method by which a business organization may transform itself into another organizational form without ceasing operations. "Conversion" means

> (a) the continuance of a domestic corporation [the converting entity] as, and in the organizational form of, a foreign corporation or other entity [the converted entity]; or

> (b) the continuance of a foreign corporation or other entity [the converting entity] as, and in the organizational form of, a domestic corporation [the converted entity].

TEX. BUS. CORP. ACT ANN. art. 1.02(8) (Vernon Supp. 1999); *see also id.* art. 1.02(9), (10) (defining "converted entity" and "converting entity"). The term "other entity" includes "any entity, *whether organized for profit or not,* that is a corporation (other than a domestic or foreign corporation), limited or general partnership, limited liability company, real estate investment trust, joint venture, joint stock company, cooperative, association, bank, trust, insurance company or other legal entity organized pursuant to the laws of this state or any other state or country." *Id.* art. 1.02(20) (emphasis added).

Article 5.17 authorizes a corporation to convert in certain circumstances:

A.  A domestic corporation may adopt a plan of conversion and convert to a foreign corporation or any other entity if:

(1) the converting entity acts on and its shareholders approve a plan of conversion in the manner prescribed by Article 5.03 of this Act as if the conversion were a merger to which the converting entity were a party and not the survivor;

(2) the conversion (a) is permitted by, or not inconsistent with, the laws of the state or country in which the converted entity is to be incorporated, formed, or organized, and (b) the incorporation, formation, or organization of the converted entity is effected in compliance with such laws;

(3) at the time the conversion becomes effective, each shareholder of the converting entity (other than those who receive payment of their shares under Article 5.12 of this Act [dissenting shareholders]) will, unless otherwise agreed to by that shareholder, own an equity interest or other ownership or security interest in, and be a shareholder, partner, member, owner, or other security holder of, the converted entity;

(4) no shareholder of the domestic corporation will, as a result of the conversion, become personally liable, without the shareholder's consent, for the liabilities or obligations of the converted entity; and

(5) the converted entity shall be incorporated, formed, or organized as part of or pursuant to the plan of conversion.

B.  Any foreign corporation or other entity may adopt a plan of conversion and convert to a domestic corporation if:

(1) the conversion is permitted by the laws of the state or country in which the foreign corporation is incorporated, if a foreign corporation is converting;

> (2) the conversion is either permitted by the laws under which the other entity is formed or organized or by the constituent documents of the other entity that are not inconsistent with the laws of the state or country in which the other entity is formed or organized, if another entity is converting; and

> (3) the converting entity takes all action that may be required by the laws of the state or country under which it is incorporated, formed, or organized and by its constituent documents to effect the conversion.

> C. A plan of conversion shall set forth:

> . . . .

> (4) the manner and basis of converting the shares or other evidences of ownership of the converting entity into shares or other evidences of ownership or securities of the converted entity, or any combination thereof;

> . . . .

> D. [Optional elements of plan of conversion]

> E. [Authorizing corporation to abandon plan of conversion in certain circumstances].

Upon approving the plan of conversion, the converting entity must execute articles of incorporation and attempt to file the articles with the Secretary of State. *See id.* art. 5.18(A) (listing required elements of articles of conversion). "If the Secretary of State finds that the articles of conversion conform to law" and that he or she has received all necessary filings and has issued all necessary certificates, "the Secretary of State shall," when all required fees and franchise taxes have been paid, "issue a certificate of conversion . . . to the converted entity or its representatives." *See id.* art. 5.18(C). The conversion generally takes effect when the Secretary of State issues the certificate of conversion. *See id.* art. 5.19.

Thus, in the conversion process, the converting entity "continue[s] to exist, without interruption," but in the converted entity's organizational form, rather than in the converting entity's organizational form. *See id.* art. 5.20(A)(1). All of the converting entity's assets and liabilities continue in the converted entity in its new organizational form. *See id.* art. 5.20(A)(2), (3), (4), (5). "[S]hares and other evidences of ownership in the converting entity that are to be converted into shares, evidences of ownership, or other securities in the converted entity" convert consistently with the entity's plan of conversion. *See id.* art. 5.20(A)(6).

Your predecessor's questions are narrow, and our response is limited to the situation about which he asked. In the first question he asked only about a nonprofit corporation organized under

Texas Revised Civil Statutes articles 1396-1.01 through -11.01, and we therefore do not consider conversion to a nonprofit cooperative, which incorporates under Texas Revised Civil Statutes article 1396-50.01, or an unincorporated nonprofit association, which is subject to Texas Revised Civil Statutes article 1396-70.01. We further emphasize that your predecessor asked only about the situation in which a for-profit domestic corporation wishes to convert to a nonprofit corporation or water-supply corporation; accordingly, we do not consider the converse situation, where a nonprofit corporation or water-supply corporation wishes to convert to a for-profit domestic corporation. A conversion in that circumstance may implicate charitable trust concerns, which we need not consider here. *See Blocker v. Texas*, 718 S.W.2d 409, 415 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (stating that charitable corporation may use its property only to further its charitable purposes). *See generally* Tex. Att'y Gen. LO-96-038 (1996) (concerning permissible uses of Peace Officer Memorial funds, a charitable trust).

A.      **Whether a for-profit domestic corporation may convert to a nonprofit corporation organized under Texas Revised Civil Statutes article 1396-1.01 through -11.01**

We conclude first that a for-profit domestic corporation may convert to a nonprofit corporation organized under Texas Revised Civil Statutes article 1396-1.01 through -11.01 if the owners of the converting entity approve the plan of conversion consistently with Business Corporation Act article 5.17(A)(1). We make two determinations to reach this conclusion: (1) We determine that article 5.17 permits the conversion; and (2) we determine that conversion is "not inconsistent" with the Non-Profit Corporation Act, TEX. REV. CIV. STAT. ANN. art. 1396-1.01 -11.01 (Vernon 1997 & Supp. 1999).

(1)      **Whether Business Corporation Act article 5.17 permits a for-profit domestic corporation to convert to a nonprofit corporation**

The definition of the phrase "other entity" as used in Business Corporation Act article 5.17(A) includes a nonprofit entity, *see* TEX. BUS. CORP. ACT ANN. art. 1.02(A)(20) (Vernon Supp. 1999), and article 5.17 thus explicitly permits a for-profit domestic corporation to convert to a nonprofit corporation. While a few provisions in articles 5.17, 5.18, and 5.20 require that the owners of the converting for-profit domestic corporation hold an equity interest or other ownership or security interest in the converted nonprofit corporation and may, therefore, suggest that a for-profit domestic corporation may not convert to a nonprofit corporation, the legislative intent makes clear the purpose for the law and its proper interpretation.

The legislative history suggests that the legislature intended the provisions to permit a for-profit domestic corporation to convert to a nonprofit corporation to create an atmosphere most favorable to business. Although the conversion provisions were adopted in 1997 when the legislature enacted Senate Bill 555, nearly identical provisions were first introduced to the legislature in 1995 as House Bill 1425. House Bill 1425 proposed "a comprehensive package of amendments to" several corporation and partnership acts, including the Texas Business Corporation Act, and it

was the product of the State Bar's Business Law Section and the Business Law Foundation. *See* HOUSE COMM. ON BUS. & IND., BILL ANALYSIS, Tex. H.B. 1425, 74th Leg., R.S. (1995); Hearings on Tex. H.B. 1425 Before the House Comm. on Bus. & Ind., 74th Leg., R.S. (Mar. 7, 1995) (statement of Representative Brimer, Chair, Committee on Business & Industry). According to Dr. Alan Bromberg, representing the Business Law Foundation before the House committee considering the bill, the bill would, among other things, permit greater flexibility in the structure and operation of business. *See* Hearings on Tex. H.B. 1425 Before the House Comm. on Bus. & Ind., 74th Leg., R.S. (Mar. 7, 1995) (statement of Dr. Alan Bromberg, representing the Texas Business Law Foundation). Professor Bromberg described the conversion provisions of the bill in particular as permitting "virtually universal convertability of one form of business organization to another." *Id.* Curtis Huff, the Chair of the Business Law Section of the State Bar, also testified to the House committee that passage of House Bill 1425 would enhance Texas' reputation as a flexible state in which to incorporate. *See id.* (statement of Curtis Huff, representing Business Law Section of Texas State Bar). The House of Representatives passed the bill to engrossment, but the full Senate apparently did not vote on the bill, although the Senate Committee on Economic Development had recommended the bill's adoption by the full Senate. *See* Hearings on Tex. H.B. 1104 Before the House Comm. on Bus. & Ind., 75th Leg., R.S. (Mar. 5, 1997) (testimony of Representative Solomon, sponsor).

House Bill 1425 (1995) was substantially reincarnated in 1997 as Senate Bill 555 and its identical companion, House Bill 1104. *See id.* During hearings before the House Committee on Business and Industry on House Bill 1104, Representative Dukes asked Dr. Bromberg whether a business could convert itself to avoid taxation. *See id.* (Representative Dukes, member of House Committee on Business & Industry). Dr. Bromberg responded: "I don't think it would affect taxation except possibly under the federal income tax. . . . A lot of the switching of entities has been in the past to try to achieve partnership taxation under federal law." *See id.* (testimony of Dr. Alan Bromberg, representing Texas Business Law Foundation). Curtis Huff also indicated that the conversion process largely would aid corporations that desire to transform themselves into partnerships. *See id.* (testimony of Curtis Huff, Chair, Corporate Law Committee, Business Law Section, State Bar of Texas).

While the conversion provisions may have been designed in large part to facilitate the transformation of corporations to partnerships, we believe legislators were aware of the provisions' broader implications. The background section of the House Research Organization's Bill Analysis lists nonprofit corporations regulated by the Non-Profit Corporation Act as a form businesses in this state may take. *See* HOUSE RESEARCH ORG., BILL ANALYSIS at 1, Tex. H.B. 1104, 75th Leg., R.S. (May 5, 1997). (The other four listed forms are corporations, regulated by the Business Corporation Act; limited-liability companies, regulated by the Limited Liability Company Act; limited partnerships, regulated by the Revised Limited Partnership Act; and partnerships and limited liability partnerships, regulated by the Revised Partnership Act. *See id.*) Later, summarizing supporters' rationale, the bill analysis seems to refer back to this list of organizational forms:

One significant change [this bill proposes] would provide for conversion . . . of different business forms. Texas law recognizes at least seven different forms of business organizations, . . . , each of which carries different benefits and drawbacks. . . . . In a healthy economy, businesses are dynamic, not static, and there should be flexibility to assume new forms. However, the expenses required to dissolve a business in one form and start up in another now limit such conversions.

To solve this problem, HB 1104 would allow a process of conversion.

*Id.* at 4-5. We infer from this bill analysis that the legislature thought of a nonprofit corporation as an organizational form that an entity may assume and meant to include it within the realm of entities to which a for-profit domestic corporation may convert.

(2)     **Whether conversion from a for-profit domestic corporation to a nonprofit corporation is inconsistent with the Non-Profit Corporation Act**

Determining that the conversion provisions, articles 5.17 through 5.20 of the Business Corporation Act, permit a for-profit domestic corporation to convert to a nonprofit corporation is insufficient, however. We must also determine that such a conversion is "not inconsistent" with the Non-Profit Corporation Act, TEX. REV. CIV. STAT. ANN. art. 1396-1.01 through -11.01 (Vernon 1997 & Supp. 1999). Article 5.17(A)(2)(a) of the Business Corporation Act authorizes a domestic corporation to convert to another organizational form if the conversion is permitted by or not inconsistent with the law of the state in which the converted entity is to be incorporated. As your predecessor stated, the Non-Profit Corporation Act does not expressly recognize conversion to a nonprofit organization.

We conclude, however, that a for-profit domestic corporation's conversion to a nonprofit corporation is not inconsistent with the Non-Profit Corporation Act. We find nothing in the Non-Profit Corporation Act itself that is incompatible with the conversion process. Our chief concern is that the interests of the owners or shareholders be protected, and we are satisfied that the statutes do so. A plan of conversion must be approved by a two-thirds majority of those shareholders entitled to vote on the plan. *See* TEX. BUS. CORP. ACT ANN. art. 5.03(B)(2), (E) (Vernon Supp. 1999); *see also id.* art. 5.17(A)(1) (requiring corporation to adopt plan of conversion using procedures in article 5.03). All shareholders, whether they are entitled to vote or not, must be notified of the conversion proposal and the meeting at which the vote will be taken. *See id.* art. 5.03(D); *see also id.* art. 5.17(A)(1) (requiring converting corporation to adhere to procedures in article 5.03). Moreover, a dissenting shareholder who was entitled to vote may be paid for the fair value of the shareholder's shares. *See id.* arts. 5.11(A)(2), 5.12(A)(1)(a). These protections are virtually identical to those Pennsylvania grants in its statutes explicitly permitting a for-profit domestic corporation to convert to a non-profit corporation. *See* 15 PA. CONS. STAT. §§ 1961, 1962(b), (c).

Your predecessor argued that conversion is inconsistent with the Non-Profit Corporation Act for two reasons. First, because the Non-Profit Corporation Act is silent with respect to conversion while the legislature inserted specific provisions into the Revised Limited Partnership Act, TEX. REV. CIV. STAT. ANN. art. 6132a-1 (Vernon Supp. 1999); the Limited Liability Company Act, TEX. REV. CIV. STAT. ANN. art. 1528n (Vernon 1997 & Supp. 1999); and the Revised Partnership Act, TEX. REV. CIV. STAT. ANN. art. 6132b-1.01 through -11.04 (Vernon Supp. 1997), he averred that the legislature did not intend a for-profit entity to convert to a nonprofit entity. Second, because the converted company would be effective when the certificate of incorporation is filed, instead of when the articles of conversion are filed, your predecessor contended that the conversion laws and the Non-Profit Corporation Act are inconsistent. We respond to each point serially.

First, although the legislature did not amend the Non-Profit Corporation Act specifically to authorize conversion, we cannot read into this fact a legislative desire to preclude a for-profit domestic corporation from converting to a nonprofit corporation. Rather, all we can surmise is that the legislature did not desire to enable a nonprofit corporation to convert to a for-profit domestic corporation. On its face, the Business Corporation Act broadly authorizes a corporation to convert to any "other entity," TEX. BUS. CORP. ACT ANN. art. 5.17(A) (Vernon Supp. 1999), which is expressly defined to include nonprofit corporations. *See id.* art. 1.02(20). Your predecessor appeared to argue, however, that the legislature intended to enable a for-profit corporation to convert to only a limited partnership, a limited liability company, or a partnership. In support of his argument, he observed that the same 1997 bill that amended the Business Corporation Act to permit conversions also amended the Revised Limited Partnership Act; the Limited Liability Company Act; and the Revised Partnership Act to permit conversions--but it did not amend the Non-Profit Corporation Act to permit conversions. *See* Act of May 13, 1997, 75th Leg., R.S., ch. 375, §§ 79, 95, 122, 1997 Tex. Gen. Laws 1516, 1573-75, 1585-88, 1602-05.

We respectfully disagree with his assessment. The amendments he cited, which parallel the conversion-related amendments to the Business Corporation Act, authorize, among other things, a domestic limited liability company, domestic limited partnership, or a domestic partnership to convert to an "other entity," which is defined in each instance to include a nonprofit corporation. These amendments do not limit a corporation's capacity to convert, under the Business Corporation Act, to a limited liability company, a limited partnership, a partnership, or any other entity.

Second, we do not believe that any overlap of time between the date the converting corporation ceases to exist and the date the converted, nonprofit corporation becomes operational creates a fatal inconsistency between the Business Corporation Act and Texas Revised Civil Statutes article 1396-1.01 through -11.01. Under the conversion provisions in the Business Corporation Act, a converting corporation is to file its articles of conversion with the Secretary of State. If the Secretary of State finds that these articles "conform to law," that he or she has received all the requisite filings, and that he or she "*has issued all certificates required to be issued in connection with the incorporation . . . of the converted entity,*" then the Secretary will issue a certificate of conversion. *See* TEX. BUS. CORP. ACT ANN. art. 5.18(C) (Vernon Supp. 1999) (emphasis added). The conversion becomes effective when the Secretary issues the certificate of conversion. *See id.*

art. 5.19(A). On the other hand, under Texas Revised Civil Statutes article 1396-3.04(A), part of the Non-Profit Corporation Act, a nonprofit corporation exists as soon as the Secretary of State issues a certificate of incorporation. Thus, there may be an overlap of time during which the nonprofit corporation exists and the converting for-profit domestic corporation has not yet ceased to exist.

As your predecessor suggested, this overlap is in contrast with the Revised Limited Partnership Act, the Limited Liability Company Act, and the Revised Partnership Act. Under section 2.01(b) of the Revised Limited Partnership Act, for example, a limited partnership is formed at the time the initial certificate of limited partnership is filed with the Secretary of State "[e]xcept in the case of a limited partnership formed under . . . a plan of conversion." TEX. REV. CIV. STAT. ANN. art. 6132a-1, § 2.01(b). In the case of a limited partnership formed under a plan of conversion, section 2.01(b) continues, "the existence of the limited partnership as a limited partnership begins on the effectiveness of . . . the conversion." *Id.* Likewise, a limited liability company generally begins to exist upon the issuance of the certificate of organization except "[i]n the case of a new domestic limited liability company being organized" under a plan of conversion. TEX. REV. CIV. STAT. ANN. art. 1528n, subart. 3.04(A), (B) (Vernon Supp. 1999). In that case, the converted domestic limited liability company begins to exist when the conversion itself is effective. *See id.* subart. 3.04(B). Finally, a partnership formed under the Revised Partnership Act is created by agreement and intent of the parties; nothing need be filed with the Secretary of State's office. *See* TEX. REV. CIV. STAT. ANN. art. 6132b-2.02, -2.03 (Vernon Supp. 1999).

While we understand your concern, we do not think it precludes conversion from a for-profit domestic business corporation to a nonprofit corporation organized under Texas Revised Civil Statutes articles 1396-1.01 through -11.01. Article 5.18(C) clearly contemplates that the Secretary of State may already have issued a certificate of incorporation at the time he or she reviews the articles of conversion: "If the Secretary of State finds that the articles of conversion conform to law, . . . , and [that he or she] has issued all certificates required to be issued in connection with the incorporation . . . of the converted entity, . . . , the Secretary of State shall . . . (3) issue a certificate of conversion . . . ." Moreover, with some coordination, it may be possible for the Secretary of State to issue the certificate of conversion shortly after issuing the certificate of incorporation, reducing the overlap to an inconsequential time period.

**B.      Whether a for-profit domestic corporation may convert to a nonprofit water-supply corporation**

In response to your predecessor's second question, we similarly conclude that a for-profit domestic corporation may, under Business Corporation Act article 5.17, convert to a domestic nonprofit water-supply corporation organized under Water Code chapter 67 if the owners of the converting entity approve the plan of conversion consistently with article 5.17(A)(1). As we stated above, article 5.17 explicitly authorizes a for-profit domestic corporation to convert to any "other entity," and the phrase "other entity" is defined to include a nonprofit corporation. Consequently, the Business Corporation Act itself permits the conversion about which he asked.

In addition, we do not believe that conversion from a for-profit domestic corporation is inconsistent with chapter 67 of the Water Code. A water-supply corporation is created in the same manner as is a private corporation, incorporated under the Business Corporation Act. *See* TEX. WATER CODE ANN. § 67.003(a) (Vernon Supp. 1999). In all other respects, a water-supply corporation is subject to the Non-Profit Corporation Act to the extent that act does not conflict with Water Code chapter 67 or Texas Revised Civil Statutes article 1434a. *See id.* § 67.004. Your predecessor did not contend that conversion is inconsistent with the Business Corporation Act, and we concluded above that conversion is not inconsistent with the Non-Profit Corporation Act.

Because we conclude that a for-profit domestic corporation may, under article 5.17 of the Business Corporation Act, convert to a nonprofit domestic corporation or a water-supply corporation, we do not reach your predecessor's third question.

## S U M M A R Y

A for-profit domestic corporation may, in accordance with article 5.17 of the Business Corporation Act, convert to a nonprofit corporation organized under the Non-Profit Corporation Act, Texas Revised Civil Statutes articles 1396-1.01 through -11.01, or a water-supply corporation, created under chapter 67 of the Water Code, if the owners of the converting entity approve the plan of conversion consistently with Business Corporation Act article 5.17(A)(1).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General